IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER CELEDEN YATES                                              PLAINTIFF

V.                          CASE NO. 5:18-CV-05246

SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas; and SHOP SUPERVISOR
JAMES BOUDREAX, Benton County
Detention Center                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Christopher C. Yates, currently an inmate of the Benton County Detention Center ("BCDC"), has filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff has named as Defendants the Benton County Sheriff, Shawn Holloway, and the Shop Supervisor at the BCDC, James Boudreax. Plaintiff has sued Defendants in both their individual and official capacities.

Plaintiff's Complaint (Doc. 1) and Supplement (Doc. 4) thereto are before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

While he was working in the shop as part of a work detail program, Plaintiff alleges Supervisor Boudreax had him use County assets including a welder, grinder, tree machine, etc., to complete Supervisor Boudreax's personal projects. Plaintiff alleges

1

that stealing from the government constitutes a felony offense. He indicates an internal investigation "proved [his] credibility," and his version of the events was found to have merit.

Plaintiff maintains that Supervisor Boudreax's actions violated the laws against human trafficking, extortion, and involuntary servitude and that Sheriff Helder "allowed these to happen to me in his care." He has requested a trial by jury.[1]

As relief, Plaintiff seeks "[e]nough funding to start a business" ($300,000 to $400,000) and "immunity for the amount of time evidence is to be held for violent crimes." Additionally, he seeks payment of all legal costs.

## II.     LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on

---

[1] Plaintiff indicates he has no legal training, does not know what to say, and needs an attorney. (Doc. 1 & 4). He also points out his prior case was dismissed. Plaintiff was advised on the complaint form to set forth the facts supporting his claims and state how each Defendant was involved. The complaint form specifically advises the Plaintiff that he does not have to give any legal arguments or cite any cases or statutes.

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). Section 1983 creates no substantive rights but prohibits the deprivation of rights established by the United States Constitution or federal laws. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a claim, plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citation omitted).

Defendants clearly were acting under color of law. The focus in this case is on the second element.

#### A. Human Trafficking

The Trafficking Victims Protection Act's ("TVPA") was enacted to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominately women and children, to ensure just and effective punishment of traffickers, and to protect their victims." Pub. L. No. 106-386 § 102(a), 114 Stat. 1488 (2000). Federal criminal offenses were enacted and are codified at 18 U.S.C. §§ 1589 to 1594.

The Trafficking Victims Protection Reauthorization Act ("TVPRA"), Pub. L. No. 108-193, 117 Stat. 2875 (2003), authorized a private cause of action for trafficked persons, 18 U.S.C. § 1595. It provides: "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)." *Id.*

Section 1589(a), the forced labor statute, provides that:

(a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—

    (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

    (2) by means of serious harm or threats of serious harm to that person or another person;

    (3) by means of abuse or threatened abuse of law or legal process; or

    (4) by means of any scheme, plan, pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,

shall be punished as provided under subsection (d).

18 U.S.C. § 1589(a).

Serious harm is defined as "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or continue performing labor or services in order to avoid incurring that harm." 18 U.S.C. § 1589(c)(2). The term "abuse or threatened

abuse of law or legal process" is defined as "the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action." 18 U.S.C. § 1589(c)(1).

Here, Plaintiff has not alleged that Defendants: (1) used force or physical restraint, or the threat thereof, to force him to perform the work for Supervisor Boudreax; (2) used serious harm or threats of serious harm to Plaintiff or another to force him to perform the work for Supervisor Boudreax; (3) threatened to use a law or legal process in any way to force him to perform the work directed by Supervisor Boudreax; or (4) caused the Plaintiff to believe, by means of a scheme, plan, or pattern, that if he did not perform the work directed by Supervisor Boudreax, Plaintiff or another would suffer serious harm or physical restraint. Plaintiff's allegations are insufficient to state a claim under the TVPA.

### B. Extortion

Section 1983 does not provide any remedy for common law torts; rather, "it provides a remedy only for violations of rights secured by federal statutes or the Constitution." *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1992). Plaintiff does not allege that he was deprived of liberty, property, or the due process of law in connection with the alleged "extortion." In fact, he alleges he received due process in the form of an investigation in which his statements were found to be credible.

Victims of crime lack any legal right to compel criminal prosecution or to institute

criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986). Plaintiff has no right to bring criminal charges for extortion. Plaintiff's allegations are insufficient to state a § 1983 claim.

### C. Involuntary Servitude

The Thirteenth Amendment to the United States Constitution provides that: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. Amend. XIII. The Thirteenth Amendment does more than prohibit slavery, it prohibits all forms of involuntary labor. *See Slaughter House Cases,* 83 U.S. 36, 69 (1872) ("The word servitude is of larger meaning than slavery"). The practice of involuntary servitude is criminalized through 18 U.S.C. § 1584. In construing § 1584, the Supreme Court in *United States v. Kozminski,* 487 U.S. 931, 952 (1988), defined involuntary servitude as "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process."

In this case, Plaintiff indicates he is a pretrial detainee. It has been held that "institutions housing pretrial detainees are not exempt from the [Thirteenth] Amendment's scope." *McGarry v. Pallito,* 687 F.3d 505, 510-12 (2d Cir. 2012). Plaintiff does not allege that his work for Supervisor Boudreax was "compelled and maintained by the use and threatened use of physical and legal coercion." *Id.* at 511. In fact, he does not allege that he was threatened in any manner. Plaintiff's concern is that the work he performed at the direction of Supervisor Boudreax constituted a misuse of County

6

property and was a felony. This is based on his allegation that Supervisor Boudreax was using, and/or having Plaintiff use, County property to do personal projects. No Thirteenth Amendment violation is stated.

### D. Liability of Sheriff Holloway

With respect to Sheriff Holloway, Plaintiff alleges that Sheriff Holloway "allowed these to happen to me in his care." To hold a supervisor individually liable, the supervisor must have directly participated in the constitutional violation or failed to train or supervise the subordinate who caused the violation. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). "The standard of liability for failure to train is deliberate indifference. The standard of liability for failure to supervise is demonstrated indifference or tacit authorization of the offensive acts." *Id.*

Plaintiff makes no allegation that Sheriff Holloway directly participated in, or had any knowledge about, the alleged constitutional violation. Plaintiff makes no allegations that Sheriff Holloway failed to train or supervise Supervisor Boudreax. Sheriff Holloway may not be held liable simply because he employs Supervisor Boudreax. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) (citation omitted). Furthermore, "a general responsibility for supervising the operations of a [detention facility] is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). No claim has been stated against Sheriff Holloway in his individual capacity.

### E. Liability of Benton County

An official capacity claim against Defendants is the equivalent of a claim against

the municipal entity who employs them, here Benton County. *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). With respect to Benton County, Plaintiff must allege the existence of a custom or policy that was the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff has made no such allegations. Instead, he only alleges the existence of this one incident involving Supervisor Boudreax. "Generally, an isolated incident of alleged police misconduct, such as [Plaintiff] alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citation omitted). No official capacity claim has been stated.

### F. Prior Dismissal

Plaintiff filed a prior action against Sheriff Holloway and Supervisor Boudreax, among others, stemming from the same facts addressed in this complaint. *Yates v. Holloway, et al.*, Civil No. 5:18-cv-05187 (W.D. Ark.). The prior action was dismissed on October 16, 2018, as frivolous and for failure to state a claim under the IFP statute. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

While a dismissal under the IFP statute "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," such a dismissal "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). Accordingly, the dismissal under the IFP statute of Plaintiff's "first complaint [against Sheriff Holloway and Supervisor Boudreax]

8

has res judicata effect and establishes that his second, identical claim is frivolous" for purposes of the IFP statute. *Waller*, 38 F.3d at 1008.

## IV. CONCLUSION

The claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**. See 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. **The Clerk is directed to enter a § 1915(g) strike flag on this case.**

Because this action is legally frivolous as well as precluded by the prior § 1915(e) dismissal, the Court certifies that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

To the extent the Complaint can be read to be asserting state law claims, the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The Court makes no decision as to whether Plaintiff has available tort remedies under state law.

**IT IS SO ORDERED** on this 31st day of January, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT COURT